IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY SPENCER GREEN, SR., | |
| Plaintiff, | 8:16CV480 |
| vs. | |
| CREIGHTON/CHI HEALTH, REBECCA STORMONT, MD; VIRGINIA J. SMITH, APRN; and ANNIE E. KNIERIM, Orthopedic Surgeon; | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed his Complaint on October 24, 2016. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against four Defendants: Creighton/CHI Health, Rebecca Stormont, MD, Virginia J. Smith, APRN, and Annie E. Knierim, an orthopedic surgeon. (Filing No. 1.) Plaintiff alleges that he resides in South Dakota. (*Id*. at CM/ECF p. 2.) He alleges that Creighton/CHI Health is located in Nebraska, and he provides the Nebraska work addresses of the remaining defendants. (*Id*.) Condensed and summarized, the court understands Plaintiff's claim to be that Defendants denied him proper medical attention in violation of his civil rights because they refused to perform a CT scan or MRI on his leg that contains a titanium rod. (*Id*. at CM/ECF pp. 1-4.) Plaintiff wants the titanium rod removed from his leg because it is connected to a "medical cloning computer program." (*Id*. at CM/ECF pp. 5-6.) He believes that transmissions from the

titanium rod cause him physical symptoms such as "headaches, blood brain tissue discharge . . . and dark black/dark brown bowel movement" and to hear voices. (*Id.* at CM/ECF pp. 1, 3, 5.) Plaintiff seeks compensation for lost wages, "mental anguish and pain and suffering from [the] program," and 1 million to 50 million dollars. (*Id.* at CM/ECF pp. 5-6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff's Complaint does not establish subject matter jurisdiction jurisdiction. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

The Complaint states Plaintiff's residence, but not his citizenship. Residence does not equate with citizenship. *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962). The Complaint also fails to state the citizenship of the individual defendants as well as the place of incorporation and principal place of business of Creighton/CHI. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) (complaint failed to establish diversity jurisdiction where it stated Plaintiff's residency, but not his citizenship, and failed to state the principle places of business of corporate defendants). In addition, the amount in controversy must be greater than $75,000.00 to establish diversity jurisdiction. 28 U.S.C. § 1332(a). Due to the nature of Plaintiff's allegations, the court doubts the amount in controversy is 1 million to 50 million dollars or that Plaintiff can show by a preponderance of the evidence that the amount claimed is legitimate. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)). In short, Plaintiff's allegations fail to establish diversity jurisdiction under § 1332(a).

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Liberally construed, Plaintiff fails to allege a violation of his civil rights under 42 U.S.C. § 1983. Moreover, to obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a

right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). If the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiff does not allege that any of Defendants' actions were taken under color of state law.

Even if Plaintiff could correct these defects in an amended complaint, he cannot "nudge" his claim "across the line from conceivable to plausible." *See Twombly, supra*. His allegations are not sufficient to state a claim against any Defendant.[1] It is not plausible that the titanium rod in Plaintiff's leg is connected to a "medical cloning computer program" or that it emits transmissions. Accordingly, the court will not give Plaintiff an opportunity to amend his Complaint in this matter because it is obvious that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice for failure to state a claim.

2. Judgment shall be entered by separate document.

Dated this 3rd day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] The court assumes that Plaintiff attempts to claim medical malpractice against Defendants.